## Seabron McLaurin *v.* The State.

Criminal Practice. *Murder or manslaughter. Instruction. Case in judgment.*
  A., the wife of M., attacked another woman, W., with her fists. Thereupon
  W. struck A. several times with an axe-handle, causing the blood to flow
  freely and cover the face of A. M., when the fight began, went for his gun,
  and when he returned and saw the condition of his wife, fired upon W.;
  who was then going away, and killed her. *Held,* on the trial of M. for mur-
  der, that it was error in the court to refuse an instruction asked by the
  accused, which told the jury that if they believed from the evidence that
  the act was committed without malice and in the heat of passion the offense
  was manslaughter, not murder. The provocation and the time which had
  elapsed between it and the killing were sufficient to entitle M. to have sub-
  mitted to the jury the question whether he had acted in the heat of passion
  or from malice evidenced by threats of killing made by the accused against
  the deceased several weeks before the homicide.

Appeal from the Circuit Court of Smith County.

Hon. A. G. Mayers, Judge.

Seabron McLaurin was charged with killing Anne Wright and was indicted for murder. The evidence given for the State on the trial tended to show that there had been trouble for some time between the families of McLaurin and Wright; that some three weeks before the killing McLaurin had threatened that he would shoot Anne Wright's " head off before the year was out;" that the night before the day of the killing the husband of Anne Wright and the wife of McLaurin had a quarrel at the house of the latter; that on the day of the killing McLaurin and several others were standing in the public road in front of his house, when Anne Wright and her husband came by and stopped and began talking, when the wife of McLaurin came out and declared that either she or Anne Wright had " to toat off a whippin' from thar," and at once began to strike Anne Wright with her fists; that Anne Wright put aside her baby and basket which she was carrying, and took an axe-handle out of the basket and struck her assailant several times with it, inflicting wounds from which the blood flowed freely, covering the head and front part of the dress of the wife of McLaurin; that while the women were fighting

64 Miss.—34.·

McLaurin ran into the house and got his gun, and when he returned asked his wife if she was hurt much, the women having been parted while he was gone and Anne Wright having started down the road; that McLaurin's wife made no reply to him, but that he said " I will shoot her damned heart out," and then shot her.

The defendant in his cross-examination stated that he told Anne Wright and the rest to leave his house, and that he shot her because she would not leave and because she had beaten his wife; that she was going down the road when he shot her.

The court was asked (but refused) to instruct the jury for the defendant as follows:

" 3. The court instructs the jury that although they may believe from the evidence that the accused killed the deceased, yet if the jury believe from the evidence that such killing was done in the heat of passion, then the accused is not guilty of murder and the jury should so find."

" 6. If the jury believe from the evidence that the defendant killed the deceased immediately after the commission of an unlawful criminal act, and without malice, then he would only be guilty of manslaughter and the jury should so find."

" 9. If the jury believe from the evidence that the defendant killed the deceased in the heat of passion, caused by the difficulty between the deceased and the defendant's wife just before the killing, and that sufficient time had not elapsed for passion to subside, then he is not guilty of murder and the jury should so find."

The defendant was convicted of murder, and from the judgment against him he appealed.

*E. Currie* and *W. H. Jones*, for the appellant.

The third instruction refused by the court for the defendant we think expounds the law correctly according to Code 1880, § 2887.

The sixth instruction refused by the court for the defendant we think is the law.   Code 1880, § 2886.

The proposition of law propounded in the ninth instruction refused by the court for the defendant is correct in any state of case, and especially do we insist that under the testimony in this case that it was error for the court to refuse it. A person has a right to protect

himself, his family, or his property, and the testimony in this case all shows that the wife of accused was being badly beaten by deceased, and that at the time, or immediately after, the accused shot the deceased, and was evidently in the heat of passion. We contend that, under the testimony in this case, hot blood could have properly been inferred, because it is shown clearly that it was the wife of accused that was being beaten, The authorities go further than this. Wharton on Homicide, §§ 406, 412, 446.

*Calhoon & Green,* on the same side.

A man may kill in defense of his wife as well as himself. 2 Wharton's Crim. Law, § 1024. Under our statute one may kill another to prevent a felony. Code of 1880, § 2878. If appellant waited too long in killing to protect his wife from the felonious assault, if he had no sound reason to apprehend a renewal of the assault then and there, both doubtful questions, he surely should have been allowed to show such facts as *tended* to prove that his anger *had not cooled* from the high excitement which must influence any man to see such indignities and such wounds inflicted on her.

If on receiving a deadly assault a man suddenly leave the scene of outrage, procure arms, and, in the heat of blood consequent upon the wrong, return and renew the combat and slay his adversary, both being armed, such a homicide would be but manslaughter. 2 Wharton's Crim. Law, § 990.

The law assigns no limits within which cooling time may be said to take place. Every case must depend on its own circumstances. 2 Wharton's Crim. Law, § 990.

We confidently submit to the court that this case shows no murder, and it is manifest that nothing graver than manslaughter has been done, and we ask reversal because the evidence shows nothing more.

The third, sixth, and ninth charges asked by defendant and refused simply tell the jury they might convict of manslaughter and not murder if they believe from the evidence that the killing was *without malice.* Surely defendant was entitled to this, in a case where all the evidence for the State itself shows a state of

affairs where there is no stretch of reason to pronounce the killing manslaughter.

*S. S. Calhoon*, of counsel for the appellant, argued the case orally.

*T. M. Miller*, Attorney General, for the State.

Mere excitement will not necessarily reduce the killing to manslaughter; the cause of the excitement must be one which the law deems adequate, and the killing must in fact proceed from it, not from independent malice.    2 Bishop's Cr. Law, § 700 ; *Preston's Case*, 3 Cush. 383.

To determine whether or not the conduct of the person killed was a provocation reducing the killing to manslaughter the test is whether the law deems it calculated to excite passions beyond control.    Ib. 710.    Mere wanton passion cannot serve to reduce the offense.

And wherever it plainly appears in the case of an unjustifiable killing that the slayer was master of his temper at the time then he is guilty of murder.    Now the defendant here only claims that he shot the woman because she did not go away—shot her in the back as she was leaving.    Manifestly the killing was referable to previous malice and not to the heat of sudden passion.    This is a legal conclusion from the undisputed facts.    To extenuate a homicide from murder to manslaughter both provocation and passion must exist.    Wharton on Homicide 187, note ; see also same author 197.

In conclusion : Since the defendant did not claim that the killing was done in the heat of passion caused by a difficulty between deceased and his wife (even had the latter not been the assailant) there was no error in refusing his instructions.

The Attorney General also argued the case orally.

Arnold, J., delivered the opinion of the court.

The court should have instructed the jury as requested by appellant, that the offense was manslaughter and not murder, if they believed from the evidence it was committed without malice and in the heat of passion, produced by the provocation shown in the

record. It is true that appellant's wife was the aggressor in the difficulty, but all the witnesses concur in saying that she attacked deceased with her hands, and manifested no purpose to fight otherwise, or to kill or do great personal injury. Her assault was returned by deceased with a weapon of such character and with a degree of violence so disproportionate to the aggression, that it changed the nature of the combat, and if without time for passion to cool, she had slain deceased, it would have been manslaughter and not murder. 2 Bish. Cr. L., § 702 ; *The State* v. *Hill,* 4 Dev. & Bat. 491.

Under these circumstances appellant saw his wife retiring from the contest with her face and the front of her dress covered with blood, and he thereupon shot and killed deceased. The judgment which assumed absolutely that this was murder, and could be nothing else, and which refused to permit the jury to consider whether it was murder or manslaughter, was erroneous. The provocation was adequate, and the time which elapsed between it and the killing was so brief as to render it, at least, a proper question for the determination of the jury, notwithstanding the previous threats made by appellant, whether in the commission of the act he was impelled by the heat of passion occasioned by the provocation or by previous malice. Whether the homicide was referable to previous malice and threats made by appellant, or to the provocation which occurred immediately before the killing, was not a question of law to be decided by the court, but one of fact, to be resolved by the jury. *Cannon* v. *The State,* 57 Miss. 147.

*The judgment is reversed and the cause remanded for further proceedings.*